**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BURBERRY LIMITED, a United Kingdom Corporation, and BURBERRY LIMITED, a New York Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MARVEL YARBROUGH (a/k/a BURBERRY JESUS), <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____ |

## COMPLAINT

Plaintiffs Burberry Limited, a United Kingdom Corporation, and Burberry Limited, a New York Corporation (together, "Burberry"), by and through their attorneys of record, file this Complaint against Defendant Marvel Yarbrough (a/k/a Burberry Jesus) ("Defendant"), and, in support thereof state and allege as follows:

## NATURE OF THIS ACTION

1.    This is a case of willful trademark infringement and dilution of the famous BURBERRY trademarks as well as copyright infringement of Burberry's copyrighted design by a musical artist using the name "Burberry Jesus."  Defendant adopted "Burberry Jesus" as his stage name—which he often shortens to "Burberry"—with an intent to replicate the Burberry brand and copy its well-known trademarks that have been used exclusively and continuously by Burberry and its authorized licensees for more than 160 years.  Defendant's use is without Burberry's authorization.  He uses the fame and renown of the BURBERRY trademark for his

own personal gain and to promote his music, garner media attention, grow a fan base, and unfairly trade off of Burberry's goodwill, all to Burberry's detriment.

2.      Defendant, who has no association with Burberry, has nevertheless gone to great lengths to create a Burberry-dependent persona. Beyond using the "Burberry Jesus" stage name, Defendant operates a BurberryJesus.com website for commercial booking purposes, and he maintains various social media accounts under the handle @BurberryJesus, which he uses to promote his music services. On these social media accounts, Defendant often posts photos and videos of himself in Burberry-branded merchandise, as well as his cars, which are vinyl-wrapped in prints bearing unauthorized copies of Burberry's intellectual property.

3.      In promoting his music and music videos, Defendant also copies Burberry's other famous and immediately recognizable trademarks, including its BURBERRY CHECK trademark (as defined below), on his digital album covers and social media profile images. On his mix tape art, for example, in a further attempt to evoke and suggest an association with Burberry, Defendant mimics the stylized BURBERRY logo used by Burberry and its authorized partners when displaying the BURBERRY trademark. Indeed, this is the same stylized logo Burberry itself used on its "BURBERRY ACOUSTIC," "Live for Burberry," and "Burberry 17 Years of Music" album and playlist covers, which Burberry released as part of its many music-driven projects and campaigns.

4.      Recently, Defendant has indicated on his website and Instagram that he will release new music as "Burberry Jesus," as soon as December 2020.

| *Burberry's Famous Trademarks* | *Defendant's Infringing Artwork* |
|---|---|
| BURBERRY | BURBERRY JESUS |



 

5.      Prior to seeking intervention from this Court, and as detailed further herein, Burberry undertook extensive efforts to stop Defendant's infringing conduct.  Since December 2019, Burberry has written to Defendant nearly a dozen times to secure his cooperation to cease and desist from all uses of the BURBERRY word mark and all other Burberry trademarks. Although Defendant initially indicated that he would comply with Burberry's request to cease his infringing conduct—even sending Burberry's counsel an email claiming that he would "cease use" of the BURBERRY trademarks—subsequent events revealed that Defendant's cooperation was feigned, and he had no intention of complying with Burberry's reasonable requests.  Instead of cooperating, in the face of notice of infringement from Burberry and ten days after Burberry sent its first cease-and-desist letter, Defendant surreptitiously filed a request in the Circuit Court of Cook County to improperly change his legal name from Marvel Yarbrough to Burberry Jesus.

6.      Defendant's ongoing, unauthorized, and pervasive use of the distinctive and famous BURBERRY name, related trademarks, and copyrighted design is a clear attempt to trade off of the fame and goodwill cultivated by Burberry.  Indeed, Burberry uses its famous trademarks in connection with a carefully designed series of programs and entertainment, wherein Burberry works with musical artists and others in the music industry to enhance and promote its products and brand.  Burberry carefully curates its music offerings to reflect the same strict quality control standards it applies to all of its products.  Defendant's improper use of

Burberry's trademarks is not only unauthorized and at odds with these quality control standards, but also dilutes the Burberry trademarks.

7.     Defendant's use of Burberry's trademarks and copyrighted design is undoubtedly causing, and will continue to cause, consumers to mistakenly believe that Defendant is affiliated with, endorsed or sponsored by, or somehow connected to Burberry, when he is not, and will dilute and tarnish the value of Burberry's famous trademarks and copyrighted design if unabated. Defendant is not connected or affiliated with Burberry, nor does he have Burberry's permission to use the BURBERRY trademark, or any of Burberry's other intellectual property.

8.     For these and other reasons, Defendant's infringement has caused and, unless permanently enjoined, will continue to cause, irreparable injury to Burberry and to the substantial goodwill and reputation it has developed in its famous Burberry brand and trademarks.     Accordingly, Burberry seeks permanent injunctive relief and attorneys' fees prosecuting these claims in the face of Defendant's willful conduct as well as a declaratory judgment that Defendant's fraudulently obtained name change is invalid.

## **PARTIES**

9.     Burberry Limited is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at Horseferry House, Horseferry Road, London SW1P 2AW, United Kingdom.

10.     Burberry Limited is a corporation duly organized and existing under the laws of New York with a principal place of business at 444 Madison Avenue, New York, NY 10022. Burberry has six retail locations in the United States, including three stores in the Chicago metropolitan area, one of which is a flagship location on Chicago's "Magnificent Mile."

11.     On information and belief, Defendant Marvel Yarbrough (a/k/a Burberry Jesus) is a resident of the State of Illinois.  On information and belief, Defendant's last known address is

5

3831 168th Street, Country Club Hills, Illinois 60478. Upon information and belief, Defendant may also be served at one of his places of business, BURBERRY JESUS LLC, located at 102 N. Mill Street, Jackson, Mississippi 39201. Upon information and belief, Defendant formerly resided at 11230 Otsego St, Apt. 112, North Hollywood, CA 91601 and may at times be present at this address for purposes of service of process.

## JURISDICTION AND VENUE

12.     Burberry files this action against Defendant for trademark infringement and trademark dilution under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), as well as copyright infringement under 17 U.S.C. § 101, *et seq*., and related claims for deceptive trade practices, dilution, and trademark infringement under the statutory and common law of the State of Illinois.

13.     Subject matter jurisdiction over this action arises under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 (federal question jurisdiction), 1338(a) (trademark and copyright infringement), 1338(b) (unfair competition), and 1367(a) (supplemental jurisdiction over state law claims) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a).

14.     This Court has personal jurisdiction over Defendant because he resides in the State of Illinois.

15.     This Court also has specific personal jurisdiction over Defendant because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and elsewhere in the state of Illinois. For example, on December 26, 2019, Defendant filed a Request for Name Change to "Burberry Jesus" in the Circuit Court of Cook County. Attached hereto as Ex. 1 is a true and correct copy of the request. And on or about November 5,

2020, Defendant posted on his @BurberryJesus Instagram account asking his followers if they "are ready for new la musique!!" with the geotag location Chicago Water Tower. On November 3, 2020, Defendant posted a photo of a car, wrapped in Burberry's copyrighted TB Monogram Print, with the geotag Chicago, Illinois. Attached hereto as Exs. 2-3 are true and correct copies of screenshots from Instagram.

16.     In addition, Defendant promotes his music and music services under the "Burberry Jesus" name on the internet and through multiple social media platforms which are accessible to consumers in this judicial district. On his website, BurberryJesus.com, Defendant asks users to reach out to him if they "want to book BJ for a show, or collaborate on a new piece of music." Defendant is also featured on a single that is available throughout the United States, including to consumers in Illinois, through subscription-based services such as Apple Music and Spotify. Defendant's music is also available throughout the United States, including to consumers in Illinois, through the free online music streaming service SoundCloud.

17.     Venue is proper in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), because Defendant resides in this District and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTS

**I.     Burberry's Adoption and Longstanding Use of the Famous Burberry Trademarks and Copyrighted Design**

18.     Burberry is a global luxury brand with a distinct heritage and reputation of design, innovation, and craftsmanship. Burberry's iconic products are sold globally through its own retail stores and website, Burberry.com, and through authorized third-party retailers.

19.     Burberry's corporate heritage is rooted in Basingstoke, United Kingdom, where Mr. Thomas Burberry first opened an outfitters shop in 1856.  Burberry and its predecessors-in-interest have used the BURBERRY name and trademark since that time, and BURBERRY® has been a registered trademark on the Principal Register of the United States Patent and Trademark Office ("PTO") since August 6, 1929.

20.     For well over a century, Burberry has sold and rendered products and services under and in connection with its principal BURBERRY® name, and has long used its BURBERRY name, along with its distinctive check trademarks (referred to collectively herein as the "BURBERRY CHECK" trademark) (collectively, along with Burberry's other trademarks, the "Burberry Trademarks"), as its core branding element in connection with the sale of a wide variety of goods and services, including music, entertainment services, apparel, and accessories.

21.     In the 1920s, Burberry introduced the BURBERRY CHECK trademark.  The BURBERRY CHECK trademark has been used on various Burberry merchandise over the years, including, for example, clothing, leather goods, scarves, accessories, and other items.  The BURBERRY CHECK trademark has been continuously used in both the original colors of red, camel, black, and white, as well as other color combinations for over three quarters of a century.

22.     Burberry also owns a copyright registration for its TB Pattern, a repeating intertwined pattern of Burberry's "TB" monogram, which references its founder Thomas Burberry (referred to herein as the "Burberry Copyrighted Design").  The design is used on various Burberry merchandise, including clothing, leather goods, scarves, accessories, and other items, as well as Burberry's Apple Music page and a Spotify playlist.

23.     While Burberry is perhaps most well-known for selling apparel and accessories, it conducts business in other industries under the famous Burberry Trademarks and Copyrighted

Design, including the entertainment and music industries, where its music offerings are highly regarded around the globe. In 2010, Burberry launched BURBERRY ACOUSTIC, a platform that provides music and exclusive videos from emerging artists who are carefully selected by Burberry. More recently, Burberry has partnered with up-and-coming musical artists to perform Live Sessions for the Burberry Community. As explained in more detail below, Burberry has continuously used the Burberry Trademarks in connection with the sale, distribution, and advertising of music since that time.

24. Burberry maintains strict quality control standards for all of its goods and services and closely monitors the use of the Burberry Trademarks and Copyrighted Design to protect its exclusive trademark rights and brand identity.

## II. The Wide Recognition and Fame of the Burberry Trademarks and Copyrighted Design

25. Burberry has invested significant time, energy, and money in the advertising, promotion, and offering of its goods and services, including music, under the Burberry Trademarks and Copyrighted Design. The BURBERRY trademark is also prominently featured throughout Burberry's business, including on storefronts, communications, and in all manner of advertising. As a result, the Burberry Trademarks and Copyrighted Design are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Burberry and have become among the most famous trademarks and designs in the United States and around the world for such products. *Burberry Ltd. v. Euro Moda, Inc.*, No. 08 Civ. 5781 (CM), 2009 WL 1675080, at *12 (S.D.N.Y. June 10, 2009) (holding that the Burberry Trademarks are famous due to Burberry's strong retail and prominent advertising presence, substantial sales revenue, and brand recognition in the United States); *Burberry Ltd. v. Perry Moise*, No. 16 Civ. 5943 (ER) (S.D.N.Y. Nov. 17, 2016) (order granting

9

default judgment and permanent injunction against musical artist using the stage name "Burberry Perry," and finding that "[t]he Burberry Trademarks are 'famous' within the meaning of the Lanham Act"). Ex. 4.

26.     Burberry products also have become among the most popular in the world, with Burberry's global revenue reaching more than £2.6 billion in the 2019/20 year alone.  Burberry has a strong retail presence in the United States—operating more than 90 retail and outlet stores, and also selling its merchandise in department stores and online at Burberry.com.  Burberry's U.S. website receives hundreds of thousands of visitors per week.

27.     One or more of the Burberry Trademarks and Burberry Copyrighted Design, including in particular the BURBERRY word trademark, appear on all of Burberry's products. The Burberry Trademarks and Copyrighted Design are closely and uniquely associated with Burberry and have come to symbolize the high quality that consumers expect from Burberry as the source of such products.  Accordingly, Burberry enjoys strong consumer loyalty, recognition, and goodwill in the Burberry Trademarks and Copyrighted Design.

28.     Burberry looks to the past and its longstanding traditions while embracing innovation, creativity, and freedom, celebrating anew the timeless and authentic products that embody the brand. Burberry has been at the forefront of social media marketing, bringing high-quality content and experience reflecting its values of craftsmanship, innovation, design, and creativity to consumers on new online platforms.

29.     Burberry has a strong media presence, and is frequently covered by fashion blogs, magazines, and newspapers.  Burberry advertises its products featuring the Burberry Trademarks through a variety of national and global media outlets, including television, print media, and the internet.     Burberry's    advertisements    routinely    appear    nationwide    in    popular    American

publications, including *Vogue*, *Glamour*, *W, and Vanity Fair*. BURBERRY ACOUSTIC and Burberry's Apple Music channel have been particularly praised in the press and by their users.

30.     Social media platforms are constantly active with buzz about Burberry, with fans posting photos of recent purchases, engaging with Burberry's multiple social media platforms, and commenting on current and future collections and featured musicians. Burberry is one of the most followed luxury brands on social media, with more than 17 million fans on Facebook, more than eight million followers on Twitter, and more than 17.6 million followers on Instagram.

31.     Burberry products are particularly popular among celebrities, musicians, artists, and other influencers, many of whom are in the music industry.

32.     Burberry has been recognized for both its creative and commercial leadership, receiving many awards and accolades. Chief Creative Officer Riccardo Tisci was named 2019's Fashion Innovator by the *Wall Street Journal*. Burberry also has consistently been listed in the top 10 hottest brands in the Lyst Index, reflecting the brand's attraction on social media and online overall. In 2018, Burberry's mobile shopping app won Best Mobile App by the Glossy Awards.

33.     As a result of Burberry's extensive use and promotion of its brand, the Burberry Trademarks have acquired considerable value and recognition, are symbols of Burberry's famous quality, reputation, and goodwill, and serve as instant source-identifiers for Burberry's products and services.

34.     In addition to Burberry's strong common law rights, Burberry owns numerous federal trademark registrations, many of which are incontestable, for the Burberry Trademarks, and similar variations thereof, in connection with of a wide variety of goods and services, including music, entertainment services, apparel, and accessories, as shown below:

| Mark | Status | Goods/Services |
|---|---|---|
| **BURBERRY** | Reg. No. 260,843<br>First Use: 1910<br>Reg. Date 08/27/1929 | 25: Clothing, namely, coats and topcoats for men, women, and children. |
| BURBERRY | Reg. No. 4,212,001<br>Reg. Date: 09/25/2012 | 9: Visual and audio recordings featuring music, video, animation, voice, still photography; digital music downloadable from the internet;<br>40: Custom manufacture of clothing;<br>41: Entertainment services, namely, production and online distribution of sound, music, and video recordings in the fields of music and fashion; providing non-downloadable music and video recordings in the fields of music and fashion for others via a global computer network; production and distribution of videos in the fields of music and fashion;<br>42: Design of clothing and fashion accessories for others. |
| **BURBERRY** | Reg. No. 1,133,122<br>First Use: 03/1970<br>Reg. Date: 04/15/1980 | 18: Handbags, leather briefcases, pocket wallets, umbrellas. |
| BURBERRY | Reg. No. 3,879,249<br>Reg. Date: 11/23/2010 | 25: Articles of outer clothing; headwear; footwear; ties; wraps; scarves; gloves. |
| BURBERRY | Reg. No. 3,898,440<br>Reg. Date: 01/04/2011 | 24: Woven materials and textile goods. |
| **BURBERRY** | Reg. No. 2,624,684<br>First Use: 1891<br>Reg. Date: 09/24/2002 | 35: Retail store services featuring clothing, watches, sunglasses, accessories, shoes, luggage, leather goods, and fragrance. |
| BURBERRY | Reg. No. 2,875,336<br>First Use: (CL 09) 1987<br>(CL 14) 1984<br>Reg. Date: 08/17/2004 | 9: Sunglasses;<br>14: Watches, jewelry. |

| Mark | Status | Goods/Services |
|---|---|---|
| BURBERRY | Reg. No. 4,714,346<br>Reg. Date: 04/07/2015 | 9: Accessories for telephones, mobile telephones and mobile electronic devices, cases and holders for telephones, mobile telephones and mobile electronic devices. |
|  | Reg. No. 2,015,462<br>First Use: 01/1994<br>Reg. Date: 11/12/1996 | 25: Socks |
|  | Reg. No. 2,022,789<br>First Use: (CL 18) 1969<br>         (CL 25) 1996<br>Reg. Date: 12/17/1996 | 18: Suitcases<br>25: Clothing for men and women, namely, scarves, pullovers, cardigans, sweaters, overcoats, raincoats, shirts, belts; slippers for men. |
|  | Reg. No. 3,529,814<br>Reg. Date: 11/11/2008 | 24: Blankets, throws, handkerchiefs, belts, bags, cases, holders and key rings, umbrellas, watches, jewelry, towels, blankets, throws;<br>25: Coats, rainwear, ponchos, jackets, jumpers, sweaters, blouses, shirts, polo shirts, t-shirts, dresses, skirts, trousers, jeans, shorts, headwear, footwear;<br>35: Retail store services in the fields of clothing, accessories, footwear, headgear, luggage, leather goods, timepieces, jewelry, eyewear and fragrances. |

| Mark | Status | Goods/Services |
|------|--------|----------------|
|  | Reg. No. 4,123,508<br>Reg. Date: 04/10/2012 | 9: Telephones, mobile telephones, mobile electronic devices, and accessories for the foregoing |
|  | Reg. No. 1,241,222<br>First Use: 03/01/1923<br>Reg. Date: 06/07/1983 | 25: Coats, top coats, jackets, trousers, slacks, waistcoats, skirts, capes, hats, bonnets, berets, shirts, scarves, shawls and blouses. |
|  | Reg. No. 2,845,852<br>First Use: 1987<br>Reg. Date: 05/25/2004 | 9: Sunglasses, spectacles, optical glasses; fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; carrying cases and holders for portable computers and mobile telephones. |
|  | Reg. No. 2,612,272<br>First Use: 04/1995<br>Reg. Date: 08/27/2002 | 35: Retail store services in the fields of clothing, accessories, shoes, luggage, leather goods, and fragrances. |

| Mark | Status | Goods/Services |
|---|---|---|
|  | Reg. No. 2,728,709<br>First Use: 1924<br>Reg. Date: 06/24/2003 | 24: Fabrics for use in the manufacture of clothing, underclothes, swimwear. |
|  | Reg. No. 2,732,617<br>First Use: (CL 18)1969<br>(CL 25) 1923<br>Reg. Date: 07/01/2003 | 18: Articles of luggage<br>25: Articles of outer clothing, ties, belts, wraps, scarves, shawls and stoles, gloves. |

35.     The above-identified registrations are valid, subsisting, and in full force and effect, and many have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the federal trademark registration certificates for the above-referenced Burberry Trademarks are attached hereto as Exs. 5-21. Burberry's ownership, registration and use of these trademarks predate Defendant's unauthorized use.

36.     Burberry also has a federal copyright registration for the Burberry TB Monogram Print. Burberry's ownership, registration, and use of the TB Monogram Print precedes Defendant's unauthorized use. A true and correct copy of the federal copyright registration certificate for the below-referenced Burberry Copyrighted Design is attached hereto as Ex. 22.

| Representative Images of Copyrighted Design | Status |
|---|---|
|  | Reg. No. VA 2-145-324<br>Date of 1st Pub: 8/2/2018<br>Reg. Date: 9/13/2018 |

## III. Burberry's Enduring Passion for Music and Strong Association with the Music Industry

37.     Burberry has a long history of working with musical artists and others in the music industry to enhance and promote its products and brand.  Such collaborations include inviting artists to perform at Burberry's runway shows, featuring new artists on Burberry's various platforms, and providing styling for musical artists.  Burberry's passion for music and digital innovation are equally as relevant to its contemporary brand identity as its pride and reputation in the quality craftsmanship of its products and rich heritage.  Burberry maintains a full-time team to help foster its ever-growing and celebrated association with the music industry.

38.     In 2010, Burberry created BURBERRY ACOUSTIC, a digital platform that offers music fans access to emerging artists through videos available for streaming on the Burberry website, https://us.burberry.com/acoustic, and the Burberry YouTube channel.  The platform

provides acoustic sets by BURBERRY ACOUSTIC artists outfitted in Burberry clothing, filmed exclusively for Burberry, as well as exclusive interviews with BURBERRY ACOUSTIC artists. As of 2020, nearly 100 performances have been commissioned, curated, and filmed by Burberry, achieving millions of views on YouTube. Burberry has showcased artists and groups from a variety of musical genres, each emphasizing authentic and high-quality music that reflects the brand's reputation for superior craftsmanship in its other product offerings.

39.    Burberry also has launched channels and playlists on subscriber-based music services. In September 2015, Burberry became the first global brand to launch its own dedicated channel on Apple Music. The Burberry channel is available to paying subscribers of Apple's streaming music service. Housed in the "Curators" section of Apple Music, Burberry's channel showcases Burberry's unique collaborations with emerging and iconic artists, featuring performances, songs, and films alongside regular playlists celebrating great musical talent past and present. The care with which Burberry curates its music offerings reflects the same strict quality control standards it applies to all of its products. The launch of Burberry's Apple Music channel garnered substantial media coverage.

40.    In February 2018, Burberry celebrated 17 years of championing musicians with its own Apple Music playlist. *Harper's Bazaar* covered the playlist and noted how Burberry "has forged a long-standing relationship with the music industry – whether that be supporting emerging talents or celebrating the world's greatest artists – placing music at the heart of the brand's retail experience, catwalk shows and campaigns."

41.    Burberry also regularly partners with musical artists to integrate specially curated playlists and scores in its fashion shows. In September 2018, Rob De Naja of Massive Attack created an exclusive soundtrack for Riccardo Tisci's debut runway at Burberry. In February

2019, Burberry partnered with artist M.I.A. to curate the soundtrack for its February runway show.  In February 2020, Burberry's runway show was scored by experimental producer Arca in collaboration with French pianists, Katia and Marie Labèque.  In September 2020, musician Eliza Douglas provided a unique real-time soundtrack to Burberry's live-streamed spring/summer runway show on Twitch.  The Twitch pre-show was hosted by, among others, musical artists Erykah Badu, Rosalía, and Steve Lacy.

42.     This year alone, Burberry undertook multiple music projects.  As part of Burberry's B Series campaign, which launches limited-time products or content on the 17th of each month, the fashion brand featured Ghana-based artist Amaarae performing six tracks exclusively for Burberry on Instagram in April 2020.  In July 2020, Burberry curated the "Burberry TB Monogram Summer Playlist" on Spotify for its new TB Summer Monogram collection, and the playlist's cover art features the Burberry Copyrighted Design.  And during the COVID-19 pandemic, Burberry organized "Burberry Sessions," a series of weekly performances by up-and-coming artists.  Musicians from a wide variety of music genres, from rap and hip hop to punk, delivered virtual home performances for Burberry followers on Instagram and YouTube.

43.     The artists that Burberry has previously chosen to feature in its many music-driven projects and campaigns have enjoyed success in the music industry.  In fact, *Rolling Stone* magazine observed that Burberry "operates much like a well-curated record label" and has "fostered as many young musicians' careers as models."  Music collaborations with Burberry are especially rewarding for up-and-coming artists such as singer RHODES and singer-songwriter Amaarae.  Reviews on the iTunes page for RHODES' "Live For Burberry" EP demonstrates how Burberry helped spread RHODES' music to Burberry's broad global audience.  For

example, iTunes user ThommyUSA wrote, "I honestly brought this whole album because of the show! I always liked the acoustic feel that Burberry adds to the shows." Amaarae's performance on Instagram garnered more than 134,000 views as of the date of this Complaint.

44.     Like the majority of Burberry's other products, all of Burberry's music and entertainment services are marketed and provided under the inherently distinct Burberry Trademarks. As a result of Burberry's careful selection of musicians and music projects, Burberry has maintained the same goodwill and prestige in the Burberry Trademarks in connection with music and entertainment as it has cultivated with the Burberry brand as a whole.

## IV.     Defendant's Unlawful Adoption of the "Burberry Jesus" Name and Use of the Famous Burberry Trademarks and Copyrighted Design

45.     Defendant is a musical artist working primarily in the music genres of hip hop and rap. Defendant adopted the name "Burberry Jesus" in connection with his services as a music artist and producer, and his sales and promotion of music, which display infringing artwork and for which he, at times, shortens his stage name to simply "Burberry."



Attached hereto as Ex. 23 is a true and correct copy of a screenshot from Defendant's Instagram stories.

46.     Defendant has released music under the name "Burberry Jesus" as well as album cover art bearing unauthorized copies of the BURBERRY CHECK trademark.   Defendant released the song PIE$ES on SoundCloud as "Burberry Jesus," which garnered over one million plays and features digital artwork bearing an unauthorized copy of the BURBERRY CHECK trademark:



Attached hereto as Ex. 24 is a true and correct copy of a screenshot from SoundCloud.  He also has released other songs under the "Burberry Jesus" name, which appear on various platforms, including SoundCloud, Spotify, and Apple Music.

47.     Defendant makes commercial use of the "Burberry Jesus" stage name and proliferates his unauthorized use of Burberry's intellectual property across various digital platforms, including music streaming services and social media.  Defendant uses these outlets to promote his music and music services

48.     Defendant also regularly uses his @BurberryJesus Instagram account to promote his music and music services.   On February 1, 2019, for example, Defendant used his @BurberryJesus Instagram account to tease his mix tape release with a video.  Attached hereto as Ex. 25 is a true and correct copy of a screenshot from Instagram.  Defendant further promoted his mix tape and persona on his @BurberryJesus Instagram account page and stories, with posts using the hashtags #burberry and #burberryjesus.

49.     More recently, in an Instagram story on November 10, 2020, Defendant again used his @BurberryJesus account to tease a new single and surveyed his fans, "This is a preview of my first single; IF I DROP THIS WOULD STREAM IT?"  Attached hereto as Ex. 26 is a true and correct copy of a screenshot from Instagram.

50.     Defendant also created a website with the domain name BurberryJesus.com, which he uses for commercial purposes.  On his website's contact page, Defendant advertises his music services and solicits potential clients: "Do you have questions, want to book BJ for a show, or collaborate on a new piece of music ?"  Attached hereto as Ex. 27 is a true and correct copy of a screenshot from Defendant's website.

51.     In addition, Defendant has displayed blatantly infringing copies of the BURBERRY and BURBERRY CHECK trademarks in his "User Profile" on the SoundCloud website and his YouTube profile.



Attached hereto as Ex. 28 is a true and correct copy of a screenshot from SoundCloud.com.



Attached hereto as Ex. 29 is a true and correct copy of a screenshot from YouTube.

52. Defendant's use of "Burberry Jesus" and other confusingly similar imitations is intentional and directly inspired by Burberry. Defendant's intention to be associated with Burberry is well-documented. For example, in photos Defendant posted to Instagram, Defendant is wearing Burberry-branded clothing and posing next to cars wrapped in infringing reproductions of the BURBERRY CHECK trademark and Burberry Copyrighted Design. Exs. 30, 3. Defendant's BURBERRY CHECK-wrapped car was discussed on carscoops.com: "[S]omeone decided that wrapping up (we assume that's a wrap and not a paint) their Challenger in Burberry's signature scheme would be a good idea. And we don't mean just the roof or some other part, but the entire car, bumper to bumper. As if this wasn't enough, they put on a set of oversized burgundy alloys and had "Burberry Jesus" painted in white on the tire walls – you know, just in case someone wasn't fashion-conscious enough to make the connection by just looking at the plaid scheme . . . ." Ex. 31. There is no question that Defendant has affirmatively sought to make the Burberry luxury brand a part of his public image.



Attached hereto as Ex. 32 is a true and correct copy of an image of Defendant's car.

53.     Defendant's infringement across social media platforms, which he uses commercially to promote his music, is pervasive and appears on at least the following websites and mobile apps: BurberryJesus.com; SoundCloud, through the username Burberry Jesus; Twitter, through the handle @BurberryJesus; Instagram, through the handle "BurberryJesus"; Facebook, through the "Burberry Jesus" profile and "Burberry Jesus" page; YouTube, through the username "Burberry Jesus,"; and on Gmail, through the e-mail address BurberryJesus@gmail.com which Defendant uses for commercial purposes.  Exs. 33-38, 29.

54.     The chart below demonstrates Defendant's obvious copying of the Burberry Trademarks and intent to benefit improperly from the brand that inspired the "Burberry Jesus" name and Burberry-dependent persona.  Revealing his clear intent to copy Burberry's intellectual property and unfairly trade on Burberry's goodwill, Defendant has posted to his Instagram Stories images of his car vinyl-wrapped in the BURBERRY CHECK trademark as well as the Burberry Copyrighted Design—the same design Burberry uses on its Apple Music page:



| **Genuine Burberry Use** | **Defendant's Infringing Use** |
|---|---|
| **Website** | **Website** |





## V. Burberry's Numerous Attempts to Stop Defendant's Widespread Infringement

55.     Burberry made every effort to seek Defendant's cooperation prior to filing the instant action.  Upon learning of Defendant's unauthorized use of the Burberry Trademarks, Burberry reached out to Defendant in an effort to amicably resolve this matter.  Prior to filing this Complaint, Burberry reached out to Defendant an additional ten times to seek his compliance and avoid the need for costly litigation.

56.     Burberry, through its counsel, sent its first cease-and-desist letter to Defendant by email on December 16, 2019 to the same email address Defendant provides on his BurberryJesus.com website for business inquiries.  In this letter, Burberry made clear its objections to Defendant's unauthorized use by (i) explaining Burberry's rights in the Burberry

Trademarks, including through attachments of several U.S. trademark registrations for the BURBERRY and BURBERRY CHECK trademarks; (ii) identifying the infringing conduct (use of the "Burberry Jesus" name in connection with the production of music and infringing album cover that closely imitated the BURBERRY CHECK trademarks); (iii) providing background for its concern given Burberry's involvement in the music industry, including through BURBERRY ACOUSTIC and Apple Music; and (iv) requesting that Defendant permanently stop using the "Burberry Jesus" name, including in connection with music, on the album cover for PIE$ES, and on all social media platforms (including the Instagram name "BurberryJesus" and Twitter handle @BurberryJesus), and refrain from using any of the Burberry Trademarks again in the future. Burberry requested that Defendant acknowledge receipt of its letter and confirm in writing by December 31, 2019 that Defendant would take the requested actions.

### A. Defendant Fraudulently Changed His Legal Name to "Burberry Jesus" in the Face of Burberry's Claims of Infringement

57.     Defendant failed to respond to Burberry's letter.  Instead, ten days after Burberry sent its December 16, 2019 cease-and-desist letter, Defendant surreptitiously filed an application in Cook County, Illinois to legally change his name from Marvel Yarbrough to Burberry Jesus. Defendant lied on his application, representing that he "ha[d] not been adjudicated or convicted of a felony or misdemeanor in Illinois" and that he "ha[d] not been convicted or placed on probation for a felony in Illinois or any other state," even though he was convicted of two felonies in 2011 and a misdemeanor for forgery in 2013 and no pardon has been granted. Attached hereto as Exs. 1, 39-40 are true and correct copies of Defendant's Request for Name Change and court records.

58.     The Request for Name Change form states in an explanatory box next to the question regarding the applicant's felony conviction and probation history that answering this

question in the affirmative means "the court may not give you a name change" if the applicant has "not been pardoned or ha[s] not completed [his] probation or sentence over 10 years ago." By filing a Request for Name Change, Defendant violated Illinois's name change statute, which maintains that "any person convicted of a felony in this State or any other state who has not been pardoned may not file a petition for a name change until 10 years have passed since completion and discharge from his or her sentence." 735 ILCS 5/21-101. As discussed further below, this name change was granted based on Defendant's fraudulent application and without knowledge by the State of Illinois that its use by Defendant infringes Burberry's intellectual property.

59. Further, despite Burberry's cease-and-desist letter, Defendant continued to use the "Burberry Jesus" name and make unauthorized use of the Burberry Trademarks in the manner alleged above, thereby intentionally infringing and diluting Burberry's valuable trademarks. Therefore, on March 9, 2020, Burberry's counsel sent another letter by registered email (via RPost) and registered mail to Defendant again setting forth Burberry's objections to his conduct. Per the RPost method of email delivery for transmitting this correspondence to Defendant, the email sending the letter was delivered to the same email address as the December 16, 2019 cease-and-desist letter.

60. This time, on March 11, 2020, Defendant responded to Burberry, claiming that he didn't receive the December 16 letter. He also claimed he had remedied the issue on all platforms. Defendant admitted that he was "completely aware of the Brand," and suggested that perhaps a "sponsorship" or some other "connection" could be made between Defendant and Burberry. Defendant's statements were deceptive and designed to create the façade he was going to cooperate when, in fact, unbeknownst to Burberry, he had no intention of doing so.

61.    Although Defendant took limited steps to comply with Burberry's request, such as removing the BURBERRY CHECK trademark from his SoundCloud profile, he continued using the name "Burberry Jesus."  After several additional communications from Burberry's counsel in March 2020 reiterating Burberry's demand that Defendant cease using the name "Burberry Jesus," Defendant indicated he would cooperate.  On March 25, 2020, Defendant replied by email, "Yes! Mr. Yarbrough will cease use of the BURBERRY Trademarks on various social media sites and music platforms."  He added, "We have took [sic] the next step of changing the spelling in regards of ceasing infringement of the Burberry Trademarks with out [sic] the proper authorization."  He explained, "The name that has been altered on all social media platforms will be the name that he will go by on all social media & music platforms."

**B.    Despite Indicating that He Would Cooperate with Burberry and Cease Infringing Use of the Burberry Trademarks, Defendant Continued Willfully Infringing**

62.    When Burberry's counsel asked what the new name was, Defendant responded, "Burbery Jesus."  Burberry's counsel replied, explaining, "Simply dropping an 'r' does not fix the issue."  Burberry's counsel explained that Defendant needed to cease use of any name that looks or sounds similar or is any way confusingly similar to the BURBERRY trademark. Counsel asked him to cease use of the name Burberry and anything that looks or sounds similar to the name.  Defendant did not respond.  Instead, he continued to use the name with one "r", Burbery Jesus, which he then changed to @BurberiiJesus on Instagram.

63.    On May 20, 2020, Burberry's counsel sent a follow-up email by registered email (via RPost), (i) noting that Defendant's attempts at alternative spellings of the BURBERRY trademark did not cure his infringement and (ii) requesting Defendant stop using such names or any other name that looks or sounds similar to the Burberry trademark.  Per RPost, the May 20 email was delivered.  Again, Defendant did not respond to Burberry's email.

28

64. On June 10, 2020 and August 5, 2020, Burberry's counsel sent additional follow-up emails by registered email (via RPost) to Defendant, which were delivered per RPost. On August 5, 2020 Burberry's counsel also sent the letter attached in its August 5 email to Defendant via Federal Express. Defendant did not respond to any of those emails and letters, nor did he respond to Burberry's offer to discuss this matter by telephone.

65. On September 11, 2020, Burberry's counsel sent Defendant one last letter by registered email via RPost and by Federal Express informing Defendant that Burberry would have no choice but to seek legal action if Defendant continued to infringe the Burberry Trademarks. Per RPost, the email sending the letter was delivered. As before, Defendant did not respond to Burberry's letter.

66. Burberry later learned that Defendant's infringing activities extended far beyond simply recommencing use of his @BurberryJesus Instagram handle during the months he refused to communicate with Burberry. Instead of fulfilling his commitment to "cease use of the BURBERRY Trademarks on various social media sites and music platforms," Defendant was actively proliferating his use of the infringing marks, including incorporating the entity "Burberry Jesus, LLC" in Mississippi as a limited liability company engaged in the music production business and obtaining an order in Cook County, Illinois granting his fraudulent request to improperly change his name to "Burberry Jesus."

67. On August 14, 2020, while Burberry was awaiting Defendant's response to its email, Defendant incorporated an entity called "Burberry Jesus, LLC" in Mississippi. Defendant executed the formation documents as the Registered Agent and Manager of the entity, which plans to engage in the business of "Record Production and Distribution," "Musical Groups and Artists," and "Independent Artists, Writers, and Performers." A copy of the Certificate of

Formation for Burberry Jesus, LLC is attached as Ex. 41. In the corporate formation documents, Defendant provides as his business email address the same email address to which Burberry sent all of its communications to Defendant.

68.    Further, in the midst of these communications with Burberry over the course of many months, Defendant made no effort to withdraw his application to change his name. Rather, unbeknownst to Burberry, during the entire above time period of communications, Defendant was fraudulently obtaining a name change by lying about his prior convictions. Unaware of the fraudulent and illegal nature of Defendant's application or of Burberry's claims of infringement, the Circuit Court of Cook County granted his request for a name change to "Burberry Jesus" on September 29, 2020. Ex. 1.

69.    Upon learning of his actions, it became clear to Burberry that Defendant was intent on escalating and perpetuating his false association with the Burberry brand and that seeking a permanent injunction is the only course Burberry could take to protect its valuable intellectual property.

## VI.    Defendant's Intent to Continue Infringing and Diluting Burberry's Intellectual Property

70.    As the above conduct illustrates, Defendant's infringement is willful, in blatant disregard of Burberry's intellectual property rights, and unfairly trades off of Burberry's hard-earned goodwill. Despite Burberry's multiple and specific requests for Defendant to cease using the Burberry Trademarks, Defendant's use remains prevalent.

71.    In addition to forming the "Burberry Jesus, LLC" corporate entity, and fraudulently obtaining an improper name change, Defendant continues to use the name "Burberry Jesus" on his BurberryJesus.com website, Twitter, SoundCloud, Facebook, YouTube, and Instagram.

72.     In a November 5, 2020 post on his @BurberryJesus Instagram account, Defendant uploaded a picture of himself in a Burberry TB monogram shawl, and asked fans if they were "ready for new la musique!!"  Ex. 2.  Fans asked on his post asked when he is going to "drop" new music, and Defendant responded, "Next montH [sic] !!!"



73.     In an Instagram story on November 10, 2020, Defendant teased a new single and surveyed his fans, "This is a preview of my first single; IF I DROP THIS WOULD STREAM IT?"  On November 17, 2020, Defendant posted on his @BurberryJesus Instagram account to promote a new music video in which he appears.  Ex. 42.

74.     On his website BurberryJesus.com, Defendant tells users to send him a message if they "want to book BJ for a show, or collaborate on a new piece of music."

75.     Defendant's album covers continue to mimic the stylized BURBERRY logo that Burberry and its authorized partners use when displaying the BURBERRY name, including on Burberry's own "BURBERRY ACOUSTIC" and "Live for Burberry" album covers:



76.     Further, Defendant is still featured under the name "Burberry Jesus" on Apple Music and Spotify.  Exs. 43-44.

77.     On YouTube, Defendant also continues to use the BURBERRY CHECK trademark in the profile photo image for his channel.

**VII.    Irreparable Harm to Burberry's Reputation and Goodwill**

78.     Defendant's conduct amply demonstrates his intent to benefit improperly from the fame of the Burberry brand, including its reputation and goodwill.

79.     Just like the "Live for Burberry," BURBERRY ACOUSTIC albums as well as the Burberry TB Monogram: Summer and 17 Years of Soundtracks playlists are available on music streaming services, the "Calabasas is the New Abu Dhabi" single, featuring Burberry Jesus, is available for streaming on subscription-based music streaming services Spotify and Apple Music.  In this industry, consumers do not exercise the same level of care in choosing music on Spotify and Apple Music as they would in choosing a leather coat or cashmere scarf in a Burberry store.  After paying their small monthly fee, subscribers to these music services are free to explore and listen to as many new songs as they please.  Burberry is especially likely to suffer irreparable harm by Defendant's unauthorized use of the "Burberry Jesus" name on these music services given the high likelihood that a user will mistakenly click on a "Burberry Jesus" song

while searching for music actually connected with Burberry. Indeed, when a user searches for "Burberry" on Spotify, Burberry Jesus appears as a result on the "Artists" page.

80.     Defendant's website also leads to confusion. Defendant's website domain name is prefaced with the word "Burberry" (BurberryJesus.com), just like the BURBERRY ACOUSTIC domain name (https://us.burberry.com/acoustic), the Burberry Sessions domain name (https://us.burberry.com/burberry-sessions), and Burberry's main website (https://us.burberry.com/). Defendant's website bears marked similarities to the Burberry ACOUSTIC landing page, with its sans serif font, prominent horizontal photo, and minimalist layout:



BURBERRY ACOUSTIC

Celebrating upcoming and established British artists with live performances and special collaborations



81.   Furthermore, Defendant often shortens his alias to simply "Burberry."   Ex. 23. His custom license plate reads BüЯBEЯЯY.   Other Instagram users also shorten Defendant's infringing alias to simply "Burberry."   For example, one Instagram user called Defendant's car "Burberrys Car."   Ex. 45.   An Instagram fan account posted a picture of Defendant and asked, "Do you love Burberry? New Music Gucci joggin suit available on all platforms."   Ex. 46.   Such comments demonstrate that Defendant is perpetuating an association with Burberry and that his conduct is diluting the Burberry Trademarks.

82.   It is clear that Defendant has successfully created a false association between himself and the Burberry brand that inspired his "Burberry Jesus" name.   Many users tag Defendant's "burberryjesus" Instagram account in photos of themselves wearing Burberry-branded merchandise or "Burberry"-inspired clothing, including clothing bearing the BURBERRY CHECK trademark.   Attached hereto as Ex. 47 is a true and correct copy of screenshots from Instagram.   Defendant has embraced this association with Burberry, often adding the stand-alone hashtag #burberry to his Instagram posts.

34

83. Defendant is not authorized and has never been authorized by Burberry to produce, manufacture, distribute, advertise, offer for sale, and/or sell products or services bearing the Burberry Trademarks or Burberry Copyrighted Design or any variation thereof.

84. Upon information and belief, Defendant is aware of the extraordinary fame and strength of the Burberry Trademarks, including the BURBERRY and BURBERRY CHECK trademarks, as well as the Burberry Copyrighted Design, and the goodwill associated therewith.

85. Upon information and belief, Defendant is actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale music and related services under the "Burberry Jesus" name with the knowledge that such goods and services will be mistaken for goods and services genuinely associated or authorized by Burberry.

86. Upon information and belief, Defendant has conducted infringing activities within this judicial district and elsewhere throughout Illinois, as well as throughout the United States.

87. Defendant's use of unauthorized reproductions of the Burberry Trademarks, Burberry Copyrighted Design, and variations thereof in connection with the manufacturing, advertising, promoting, distributing, performing, producing, offering for sale, and/or selling of music and related services misleads consumers to believe that there is a connection or association between genuine Burberry goods and services and Defendant's goods and services.

88. Defendant's use of the Burberry Trademarks and Copyrighted Design has caused actual harm and is likely to continue to cause harm to Burberry by diluting and weakening the unique and distinctive significance and quality of the Burberry Trademarks and Copyrighted Design to identify Burberry's goods and services, and by tarnishing the Burberry Trademarks, Burberry Copyrighted Design, and the Burberry brand in the minds of consumers.

89.     Burberry is suffering irreparable injury and will continue to suffer substantial damage as a result of Defendant's willful infringement and unlawful activities.

90.     Burberry has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement – 15 U.S.C. § 1114)

91.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

92.     The Burberry Trademarks are nationally recognized, including within this judicial district, as being affixed to goods originating with Burberry.

93.     As described above, Burberry owns the distinctive Burberry Trademarks, including the BURBERRY and BURBERRY CHECK trademarks, all in connection with a variety of goods and services, including music.

94.     The registrations embodying Burberry's registered trademarks, many of which are incontestable, are in full force and effect, and are entitled to protection under both federal and common law.

95.     Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Jesus" name and the infringing artwork.

96.     Defendant is infringing the Burberry Trademarks in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Jesus" name.

97.     Defendant's use of the Burberry Trademarks is without Burberry's permission or authority and is in total and willful disregard of Burberry's rights to control its trademarks.

98.     Defendant's unauthorized use in commerce of the "Burberry Jesus" name and the infringing artwork, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114 in that it is without Burberry's consent and is likely to cause confusion, mistake, and/or deception among consumers.

99.     Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the registered Burberry Trademarks.

100.    As a direct and proximate result of Defendant's willful and unlawful conduct in violation of 15 U.S.C. § 1114, Burberry has been damaged and will continue to be damaged.

101.    Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

102.    In light of the foregoing, Burberry is entitled to permanent injunctive relief prohibiting Defendant from using the registered Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and Burberry is also entitled to attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin – 15 U.S.C. § 1125(a))

103.    Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

104.    As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

105.     Burberry's ownership and exclusive use in commerce of the Burberry Trademark significantly predates the use by Defendant of the "Burberry Jesus" name and the infringing artwork.

106.     Defendant uses the "Burberry Jesus" name and the infringing artwork in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Jesus" name.

107.     Defendant's use of the Burberry Trademarks is without Burberry's permission or authority and is in total and willful disregard of Burberry's rights to control its trademarks.

108.     Defendant's unauthorized use in commerce of the "Burberry Jesus" name and infringing artwork, and advertising of the same, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Burberry and/or as to the origin, sponsorship, or approval by Burberry of Defendant's goods, services, or commercial activity.

109.     Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

110.     As a direct and proximate result of Defendant's willful and unlawful conduct in violation of 15 U.S.C. § 1125, Burberry has been damaged and will continue to be damaged.

111.    Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

112.    In light of the foregoing, Burberry is entitled to permanent injunctive relief prohibiting Defendant from using the Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and Burberry is also entitled to attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Trademark Dilution – 15 U.S.C. § 1125(c))

113.    Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

114.    As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

115.    Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Jesus" name and the infringing artwork.

116.    Through consistent and continued use, product promotion, and consumer and industry recognition, the Burberry Trademarks are "famous" within the meaning of the Lanham Act. *Burberry Ltd. v. Euro Moda, Inc.*, No. 08 Civ. 5781 (CM), 2009 WL 1675080, at *12 (S.D.N.Y. June 10, 2009) (holding that the Burberry Trademarks are famous due to Burberry's strong retail and prominent advertising presence, substantial sales revenue, and brand recognition in the United States).  Defendant did not begin using the "Burberry Jesus" name or infringing artwork in commerce until well after the Burberry Trademarks became famous.

117.     Defendant uses the "Burberry Jesus" name and the infringing artwork in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Jesus" name.

118.     Defendant's use of the Burberry Trademarks is without Burberry's permission or authority and is in total and willful disregard of Burberry's rights to control its trademarks.

119.     Defendant's unauthorized use of the "Burberry Jesus" name and infringing artwork in the context of music and related services is likely to cause dilution, by blurring and/or tarnishment, of the distinctive qualities of the BURBERRY and BURBERRY CHECK trademarks in violation of 15 U.S.C. § 1125(c).

120.     Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

121.     As a direct and proximate result of Defendant's willful and unlawful conduct in violation of 15 U.S.C. § 1125, Burberry has been damaged and will continue to be damaged.

122.     Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

123.     In light of the foregoing, Burberry is entitled to permanent injunctive relief prohibiting Defendant from using the Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and Burberry is also entitled to attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Trademark Dilution, Common Law and Illinois Trademark Registration and Protection Act)**

124.    Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

125.    The foregoing acts of Defendant constitute trademark dilution in violation of Illinois common law and the Illinois Trademark Registration and Protection Act (765 ILCS 1036/65)

126.    As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

127.    Through consistent and continued use, product promotion (including in Illinois), and consumer and industry recognition, the Burberry Trademarks are "famous." Defendant did not begin using the "Burberry Jesus" name and the infringing artwork until well after the Burberry Trademarks became famous.

128.    Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Jesus" name and the infringing artwork.

129.    Defendant's use of the "Burberry Jesus" name and the infringing artwork is without Burberry's permission or authority and is in total disregard of Burberry's rights to control its trademarks.

130.    Defendant's unauthorized use of the "Burberry Jesus" name and infringing artwork in the context of music and related services confusingly similar to Burberry's music offerings is likely to cause dilution of the distinctive qualities of the Burberry Trademarks in violation of 765 ILCS 1036/65 and Illinois common law.

131.     Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

132.     By the acts described above, Defendant has caused, is causing, and will continue to cause irreparable injury to Burberry's goodwill and business reputation, in violation of 765 ILCS 1036/65 and Illinois common law.

133.     As a direct and proximate result of Defendant's violations of 765 ILCS 1036/65 and Illinois common law, Burberry has been and will continue to be damaged.

134.     Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

135.     In light of the foregoing, Burberry is entitled to permanent injunctive relief prohibiting Defendant from using the Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and Burberry is also entitled to attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Illinois Statutory and Common Law Trademark Infringement –**
**815 ILCS §§ 510/1, *et seq.* [Illinois Uniform Deceptive Trade Practices Act])**

136.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

137.     As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

138.     Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Jesus" name and infringing artwork.

139.    Defendant uses the "Burberry Jesus" name and the infringing artwork in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Jesus" name.

140.    Defendant's use of the "Burberry Jesus" name and the infringing artwork is without Burberry's permission or authority and is in total disregard of Burberry's rights to control its trademarks.

141.    Defendant's unauthorized use in commerce of the "Burberry Jesus" name and infringing artwork, as described above, is likely to cause confusion among relevant consumers.

142.    Defendant's acts constitute trademark infringement in violation of the law of the State of Illinois.

143.    Upon information and belief, Defendant is and was at all relevant times both actually and constructively aware of Burberry's prior use, ownership, and registration, and Defendant's conduct is therefore willful and intentional and intended to confuse the public as to the source of Defendant's products, and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

144.    As a direct and proximate result of Defendant's trademark infringement in violation of the law of the State of Illinois, Burberry has been and will continue to be damaged.

145.    Defendant's conduct has caused, is causing, and will continue to cause Burberry to suffer irreparable harm, and unless Defendant is restrained, Burberry will continue to be so damaged, because it has no adequate remedy at law.

146.    In light of the foregoing, Burberry is entitled to permanent injunctive relief prohibiting Defendant from using the Burberry Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and Burberry is also entitled to attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### (Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

147.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

148.     As described above, Burberry owns the distinctive Burberry Trademarks, all in connection with a variety of goods and services, including clothing, accessories, and music.

149.     Burberry's ownership and exclusive use in commerce of the Burberry Trademarks significantly predates the use by Defendant of the "Burberry Jesus" name and infringing artwork.

150.     Upon information and belief, Defendant has acted with bad faith intent to profit from the unauthorized use of the Burberry Trademarks and the goodwill associated therewith by registering, trafficking in, or using various domain names which are identical to, confusingly similar to, or dilutive of the BURBERRY word mark.

151.     Defendant has no intellectual property rights or to the Burberry Trademarks.

152.     Defendant's creation of the website www.burberryjesus.com constitutes willful cybersquatting in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

153.     Burberry has no adequate remedy at law, and the registration and use of the domain name www.burberryjesus.com have caused, are causing, and are likely to continue to cause substantial and irreparable injury to the public and to Burberry, unless Defendant is restrained from using the domain name.

154.     In light of the foregoing, Burberry is entitled to permanent injunctive relief prohibiting Defendant from using the domain name burberryjesus.com, and Burberry is also entitled to attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### (Copyright Infringement – 17 U.S.C. § 101, *et seq.*)

155.    Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

156.    In addition to its trademark registrations, Burberry owns a valid copyright registration in its Burberry Copyrighted Design.

157.    Burberry has complied in all respects with the Copyright Act and with all other laws governing copyright in connection with its registered works.  Burberry is the proprietor of all rights, title, and interest in the Burberry Copyrighted Design.

158.    As the owner of the Burberry Copyrighted Design, Burberry is entitled to exclusive use of this design without unauthorized use of the Burberry Copyrighted Design by third parties.

159.    Given the widespread popularity of products bearing the Burberry Copyrighted Design, Defendant had access to said copyrighted work and, upon information and belief, Defendant has knowingly infringed upon said design.

160.    Upon information and belief, Defendant has intentionally, knowingly, and willfully copied the Burberry Copyrighted Design in order to personally benefit from the widespread customer recognition and acceptance of said design, and to capitalize upon the market created by said design.

161.    Upon information and belief, the aforesaid infringements by Defendant of the Burberry Copyrighted Design occurred and continue to occur with Defendant's knowledge that such design is copyrighted, and Defendant, in committing the acts complained of herein, has willfully infringed upon Burberry's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, *et seq*.

162.    Defendant's infringement of the Burberry Copyrighted Design has caused, is causing, and is likely to continue to cause substantial and irreparable injury to Burberry, unless enjoined by this Court.

163.    Burberry has no adequate remedy at law.

164.    In light of the foregoing, Burberry is entitled to permanent injunctive relief prohibiting Defendant from using Burberry's copyrighted works, and Burberry is also entitled to attorneys' fees.

### EIGHTH CLAIM FOR RELIEF
### (28 U.S.C. § 2201 (Declaratory Judgment Act))

165.    Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

166.    As described above, Defendant is willfully infringing Burberry Trademarks by using the name "Burberry Jesus" (and its variations) and such use violates the Lanham Act, among other statutes and common law.

167.    As described above, Defendant surreptitiously filed a request in the Circuit Court of Cook County to change his name from Marvel Yarbrough to Burberry Jesus. Defendant lied on his Request for Name Change application, marking that he had never been convicted of a felony or a misdemeanor, even though he has two felony convictions and a misdemeanor conviction. Defendant did not inform the Circuit Court of Cook County of Burberry's claims of infringement or that he was willfully infringing the intellectual property rights of Burberry in violation of federal law.

168.    By filing a Request for Name Change, Defendant violated Illinois's name change statute, which maintains that "any person convicted of a felony in this State or any other state

who has not been pardoned may not file a petition for a name change until 10 years have passed since completion and discharge from his or her sentence." 735 ILCS 5/21-101.

169.     Presumably without notice of Defendant's felonies and deceit and without notice of his infringement of Burberry's intellectual property rights, the Circuit Court of Cook County granted his request for a name change.

170.     Burberry is entitled to and seeks a declaration that Defendant's name change is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Burberry respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

A.     Granting each of the claims for relief herein, in favor of Burberry and against Defendant;

B.     Permanently enjoining and restraining Defendant, his agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, permanently from:

(1)     Using the Burberry Trademarks, Burberry Copyrighted Design, and any confusingly similar designation as a trademark, copyright, service mark, trade name component, title, stage name, Internet domain name, or otherwise, to market, advertise, distribute, sell, produce, promote, offer for sale, sell, or identify any business, products, or services, in the United States;

(2)     Displaying the Burberry Trademarks, Burberry Copyrighted Design, and any confusingly similar designation on any advertising, album artwork, promotional material, websites, and social media accounts, including but not limited to, SoundCloud,

Spotify, Apple Music, iTunes Store, Twitter, Instagram, Snapchat, Facebook, YouTube, Gmail, and wherever else the same may appear;

(3)     Using "Burberry Jesus" or "Burberry," including any and all spelling varieties of these names that are similar in sight or sound and otherwise confusingly similar to the Burberry Trademarks, as or as part of a username and/or account name, on any website or social media platform, including but not limited to, SoundCloud, Spotify, Apple Music, iTunes Store, Twitter, Instagram, Snapchat, Facebook, YouTube, and Gmail;

(4)     Using any name that looks or sounds similar or is any way confusingly similar, including any and all spelling variations that are similar in sight or sound, and otherwise confusingly similar to the Burberry Trademarks, including but not limited to, "burberryjesus," "burberyjesus," "burberiijesus," "Burberrii Jesus," "BURBERiiJESUS," "burberry.jesus," "burberry.jesus.5," #burberry, #burberryjesus, #burberyjesus, #burberiijesus, #BurberiiJesus, #burberry.jesus, #burberry.jesus.5, and any other hashtag variations.

(5)     Doing any other act likely to induce the confusion or mistaken belief that Defendant or his business, products, services, or other commercial activities are in any way affiliated, connected, or associated with Burberry;

(6)     Engaging in any activity under the names "Burberry" or "Burberry Jesus," including any and all spelling varieties that are similar in sight or sound and otherwise confusingly similar to the Burberry Trademarks;

(7)     Engaging in any other activity constituting unfair competition with Burberry, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Burberry;

(8)     Engaging in any other activity that would dilute the distinctiveness of the Burberry Trademarks; and

(9)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Burberry;

C.     Declaring that Defendant's name change is invalid under 735 ILCS 5/21-101;

D.     Ordering Defendant to file with this Court and serve on Burberry within ten (10) days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

E.     Awarding Burberry reasonable attorneys' fees and costs; and

F.     Such other relief as may be just and proper.

*****

Dated:  November 20, 2020          Respectfully submitted,

                                   /s/ *Michael P. Mayer*

                                   Michael P. Mayer
                                   Kevin P. Simpson
                                   WINSTON & STRAWN LLP
                                   35 West Wacker Drive
                                   Chicago, Illinois 60601
                                   Telephone: (312) 558-7883
                                   Facsimile: (312) 558-5700
                                   mmayer@winston.com
                                   kpsimpson@winson.com

Natalie L. Arbaugh (pro hac vice forthcoming)
Winston & Strawn LLP
2121 N. Pearl Street #900
Dallas, TX 75201
Telephone: (214) 453-6421
Facsimile: (214) 453-6400
narbaugh@winston.com


*Attorneys for Plaintiffs*
*Burberry Limited, a United Kingdom Corporation*
*and Burberry Limited, a New York Corporation*