IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BURBERRY LIMITED, a United Kingdom Corporation, and BURBERRY LIMITED, a New York Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARVEL YARBROUGH (a/k/a BURBERRY JESUS),<br><br>Defendant. | No. 1:20-cv-06909<br><br>Hon. Marvin E. Aspen<br>Hon. Magistrate Judge Jeffrey Cole |

## DEFAULT JUDGMENT AND ORDER GRANTING PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND ATTORNEYS' FEES

Plaintiffs' Burberry Limited (UK) and Burberry Limited (US) (together, "Plaintiffs" or "Burberry"), having properly served a Summons and Complaint (D1), together with all of the exhibits thereto, on Defendant Marvel Yarbrough (a/k/a Burberry Jesus) ("Defendant") by email on December 17, 2020 and by Federal Express on December 18, 2020, pursuant to the terms of the Order Granting Plaintiffs' *Ex Parte* Motion for Alternative Service by Electronic Mail, and Defendant having failed to timely respond to the Complaint (D22), the Court, having reviewed the Complaint and other pleadings in the record, the Affidavit of Natalie L. Arbaugh (and the exhibits submitted therewith) in Plaintiffs' Motion for Default Judgment, Permanent Injunction, and Other Relief Against Marvel Yarbrough and Memorandum in support of the same, **HEREBY FINDS** that:

This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of Section 43(a) of

the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iv) trademark dilution in violation of Illinois common law and Illinois Trademark Registration and Protection Act (765 ILCS 1036/65); (v) trademark infringement in violation of 815 ILCS §§ 510/1, *et seq* and Illinois common law; (vi) willful cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (vii) infringement of a registered copyright in violation of 17 U.S.C. § 101, *et seq*; and (viii) declaratory judgment under 28 U.S.C. § 2201. This Court has personal jurisdiction over Defendant, and subject matter jurisdiction over the matter in controversy between Burberry and Defendants. Venue in this judicial district is proper.

1. Defendant has not made any objection regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections that Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

2. Burberry is the registered owner of the BURBERRY and BURBERRY CHECK trademarks (collectively, along with Burberry's other trademarks, the "Burberry Trademarks") on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting, and protectable, and many of which are incontestable.

3. Burberry has used its trademarks in commerce as source identifiers for more than a century on a variety of products and, since 2010 in connection with music. The Burberry Trademarks are protectable as distinctive trademarks that distinguish Burberry products from those of others.

4. Defendant's unauthorized use of the Burberry Trademarks causes confusion, particularly given the strong similarities between Defendant's use and Plaintiffs' use of the

2

Burberry Trademarks.

5. The Burberry Trademarks are "famous" within the meaning of the Lanham Act. Defendant has used and continues to use the Burberry Trademarks in commerce through Defendant's advertising, promotion, production, offering for sale, and sale of music and related services, and Defendant's use began decades after the Burberry Trademarks became famous. Defendant's unauthorized use is likely to cause the unique identifying features of the Burberry Trademarks to become vague and less distinctive by blurring, based on the six non-exclusive factors under 15 U.S.C. § 1125(c)(2)(B).

6. Defendant is infringing the Burberry Trademarks in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of music and related services under the "Burberry Jesus" name.

7. Defendant's acts of infringement and dilution of the Burberry Trademarks are willful and intentional. By virtue of defaulting, Defendant has admitted his willful infringement, and Burberry sent numerous cease-and-desist letters to Defendant, which Defendant chose to ignore.

8. Defendant's infringement and dilution of the Burberry Trademarks that occurred and continues to occur on various websites, social media platforms, and music platforms has caused, and will continue to cause, immediate irreparable harm to the goodwill and reputation in the Burberry Trademarks that Plaintiffs have cultivated.

9. Defendant has registered, trafficked in, and used a domain name that is confusingly similar to the BURBERRY Trademark.

10. Defendant had a bad intent to profit from the BURBERRY Trademark in use of an infringing domain name.

11. Burberry owns a copyright registration for its TB Pattern, a repeating intertwined pattern of Burberry's "TB" monogram, which references its founder Thomas Burberry (referred to herein as the "Burberry Copyrighted Design").

12. Defendant engaged in unauthorized copying of the Burberry Copyrighted Design.

13. Defendant's unauthorized reproduction was an intentional attempt to benefit from consumer's recognition of the Burberry Copyrighted Design and, therefore, constitutes willful copyright infringement.

14. After receiving notice of his infringement through a cease-and-desist letter from Burberry, Defendant surreptitiously filed a request in the Circuit Court of Cook County to change his name from Marvel Yarbrough to Burberry Jesus.

15. Defendant lied on his Request for Name Change, marking that he had never been convicted of a felony or a misdemeanor, even though he has two felony convictions and a misdemeanor conviction.

16. Defendant did not inform the Circuit Court of Cook County of Burberry's claims of infringement or that he was infringing the intellectual property rights of Burberry in violation of federal law.

17. By filing a Request for Name Change, Defendant violated Illinois's name change statute, which maintains that "any person convicted of a felony in this State or any other state who has not been pardoned may not file a petition for a name change until 10 years have passed since completion and discharge from his or her sentence." 735 ILCS 5/21-101.

18. Presumably without notice of Defendant's felonies and deceit and without notice of his infringement of Burberry's intellectual property rights, the Circuit Court of Cook County

granted his request for a name change.

19. Accordingly, Defendant is liable for willful and intentional federal trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), willful and intentional trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), trademark dilution in violation of Illinois common law and Illinois Trademark Registration and Protection Act (765 ILCS 1036/65), trademark infringement in violation of 815 ILCS §§ 510/1, *et seq* and Illinois common law, willful cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and willful copyright infringement in violation of 17 U.S.C. § 101, *et seq*.

20. Burberry is also entitled to a declaration that Defendant's name change is invalid under 735 ILCS 5/21-101.

21. Defendant's willful conduct makes this an "exceptional" case under the Lanham Act that warrants the award of reasonable attorneys' fees and costs. The Illinois Uniform Deceptive Trade Practices similarly provides for the award of fees because Defendant's conduct was willful. 815 ILCS 510/3. The Copyright Act also expressly provides for the award of fees to Burberry, the prevailing party. 17 U.S.C. § 505.

**SO IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that under Federal Rule of Civil Procedure 65, Defendant, his agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with him, are **PERMANENTLY ENJOINED** from:

(i) Using the Burberry Trademarks, Burberry Copyrighted Design, and any confusingly similar designation as a trademark, copyright, service mark, business or trade name component, title, stage name, Internet domain name, or otherwise, to market, advertise,

5

distribute, sell, produce, promote, offer for sale, sell, or identify any business, products, or services;

(ii) Displaying the Burberry Trademarks, Burberry Copyrighted Design, and any confusingly similar designation on any advertising, album artwork, promotional material, websites, and social media accounts, including but not limited to, SoundCloud, Spotify, Apple Music, iTunes Store, Twitter, Instagram, Snapchat, Facebook, YouTube, Gmail, and wherever else the same may appear;

(iii) Using "Burberry Jesus" or "Burberry," including any and all spelling varieties of these names that are similar in sight or sound and otherwise confusingly similar to the Burberry Trademarks, as or as part of a username and/or account name, on any website or social media platform, including but not limited to, SoundCloud, Spotify, Apple Music, iTunes Store, Twitter, Instagram, Snapchat, Facebook, YouTube, and Gmail;

(iv) Using any name that looks or sounds similar or is any way confusingly similar, including any and all spelling variations that are similar in sight or sound, and otherwise confusingly similar to the Burberry Trademarks, including but not limited to, "burberryjesus," "burberyjesus," "burberiijesus," "Burberrii Jesus," "BURBERiiJESUS," "burberry.jesus," "burberry.jesus.5," #burberry, #burberryjesus, #burberyjesus, #burberiijesus, #BurberiiJesus, #burberry.jesus, #burberry.jesus.5, and any other hashtag variations;

(v) Doing any other act likely to induce the confusion or mistaken belief that Defendant or his business, products, services, or other commercial activities are in any way affiliated, connected, or associated with Burberry;

(vi) Engaging in any activity under the names "Burberry" or "Burberry Jesus," including any and all spelling varieties that are similar in sight or sound and otherwise

6

confusingly similar to the Burberry Trademarks;

(vii) Engaging in any other activity constituting unfair competition with Burberry, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Burberry;

(viii) Engaging in any other activity that would dilute the distinctiveness of the Burberry Trademarks; and

(ix) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Burberry;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs should recover attorney's fees from the Defendant. The Court directs Plaintiffs to submit a Bill of Costs and an affidavit in support of attorneys' fees**;**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant's name change is invalid under 735 ILCS 5/21-101;

**AND ITS FURTHER ORDERED** that Defendant shall forthwith give actual notice of this Order to each of Defendant's agents, servants, employees, officers, associates, attorneys, and all other persons acting by, through, or in concert with him; and it is further

**ORDERED** that this Order shall take effect on Defendant upon entry.

**ORDERED** that Defendant will file with this Court and serve on Burberry within ten (10) days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction; and it is further

**ORDERED** that this Order shall take effect on Defendant's agents, servants, employees, officers, associates, attorneys, and all other persons acting by, through, or in concert with him,

within seven (7) days of receipt of this Order; and it is further

**ORDERED** that, there being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Burberry against Defendant pursuant to Federal Rule of Civil Procedure Rule 54(b); and it is further

**ORDERED** that delivery or transmission of this Final Default Judgment and Order Granting Permanent Injunction, Declaratory Judgment and Attorneys' Fees, and the exhibit submitted in connection therewith, to Defendant by email to burberryjesus@gmail.com which Plaintiffs have demonstrated will provide adequate notice to Defendant pursuant to Federal Rule of Civil Procedure Rule 4(e), by June 7, 2021 shall be deemed good and sufficient service thereof; and it is further

**ORDERED** that upon entry of this Final Default Judgment and Order Granting Permanent Injunction, Declaratory Judgment and Attorneys' Fees, any security or undertaking Burberry has filed in this action shall be deemed exonerated and the original of such security or undertaking shall be returned to Burberry.

The Clerk of the Court is respectfully directed to close this case and enter judgment consistent with this Order.

Dated: May 24, 2021

HONORABLE MARVIN E. ASPEN
United State District Judge
Northern District of Illinois